IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THE ESTATE OF JUDITH ALFORD, BY
MELISSA BIAS, ADMINISTRATRIX and
TINA ALFORD, individually,

      Plaintiffs,

v.            CIVIL ACTION NO. 3:15-16449

FUJI HEAVY INDUSTRIES, LTD,
a foreign corporation;
SUBARU OF AMERICA, INC.,
a New Jersey corporation; and
KEATON'S COLLISION CENTER, INC.,
a West Virginia corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is a motion for jurisdictional discovery brought by Plaintiffs. ECF No. 17. In that motion, Plaintiffs ask the Court to hold in abeyance for sixty days a motion to dismiss for lack of personal jurisdiction brought by Defendant Fuji Heavy Industry, Ltd. ("FHI"), ECF No. 10, to grant jurisdictional discovery during the sixty-day abeyance, and to permit Plaintiffs to respond to FHI's motion at the end of that sixty-day abeyance.[1] FHI opposes jurisdictional discovery, arguing that district courts lack power to order jurisdictional discovery, and second, even if they possess such power, in this case Plaintiff's complaint does not allege facts necessary for granting jurisdictional discovery. Defendant Subaru of America, Inc. ("Subaru") (collectively

---

[1] Previously, the Court granted Plaintiffs an extension of time to respond to the motion to dismiss. ECF No. ECF No. 19. Plaintiffs' response is due on or before seven days after an order denying Plaintiffs' motion for jurisdictional discovery; or on or before sixty days after an order granting Plaintiffs' motion for jurisdictional discovery. *Id.*

"Defendants") joins FHI's opposition to jurisdictional discovery. Because the Court has power to order jurisdictional discovery, and because such is warranted in this case, the Court **GRANTS** Plaintiffs' motion for jurisdictional discovery.

### I. Federal District Courts Have Power to Grant Jurisdictional Discovery

First, this Court has power to grant discovery on the issue of personal jurisdiction raised by Defendants' motion to dismiss. A federal district court uncertain about its personal jurisdiction over a defendant may, in its discretion, grant discovery for the limited purpose of determining whether exercising personal jurisdiction is proper. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (recognizing district courts have broad discretion whether to grant discovery and concluding court did not abuse discretion in denying discovery on issue of personal jurisdiction); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (same); *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir. 1983) (affirming district court conclusion that "limited depositions may be warranted to explore jurisdictional facts in some cases"); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (observing "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous. If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.") (internal citations and quotations omitted); *Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 525 (D.C. Cir. 2001) ("[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to

reasonable discovery") (citation omitted).[2] "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst*, 334 F.3d at 402. In this case, Defendant filed a motion to dismiss based on personal jurisdiction. In response, Plaintiff has asked for jurisdictional discovery. Therefore, the Court has discretion to order jurisdictional discovery.

## II.     Jurisdictional Discovery is Warranted in this Case

Second, construing all facts in Plaintiffs' favor, the Complaint suggests with reasonably particularity the possible existence of personal jurisdiction over FHI. When asking if personal jurisdiction exists over a nonresident defendant, federal courts employ a two-step inquiry: first, is the state long-arm statute satisfied by the defendant's alleged conduct? Second, is the Fourteenth Amendment due process guarantee satisfied by the defendant's purposeful contacts with the forum state? *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994); Syl. Pt. 1, *Easterling v. American Optical Corp.*, 529 S.E.2d 588, 207 (W. Va. 2000). Federal courts, looking to the West Virginia Supreme Court of Appeals' interpretation of West Virginia's long-arm statute, have concluded that the state long-arm statute's reach is "co-extensive with due process."[3] *Clark v.*

---

[2] In the context of special proceedings to inquire about personal jurisdiction, the Supreme Court has dismissed potential concerns about violating due process by mere use of procedural tools—like granting jurisdictional discovery. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-07 (1982) ("the manner in which [a district court] determines whether it has personal jurisdiction may include a variety of legal rules and presumptions, as well as straightforward factfinding. . . [T]he mere use of procedural rules does not in itself violate the defendant's due process rights.").

[3] Notably, the West Virginia Supreme Court of Appeals has not itself interpreted the State's long-arm statute as coextensive with federal due process. Instead, it has continued to apply a two-step framework. See *Easterling*, 529 S.E.2d at 595–96. Even still, the West Virginia long-arm statute is satisfied in this case. The long-arm statute, by its terms, authorizes suit against nonresidents who transact business within West Virginia. W. Va. Code § 31-1-15, 56-3-33. That section does not limit its application to nonresidents whose business relates to the cause of action. Thus, if a defendant transacts business in the State, even business unrelated to the cause of action, and the constitutional requirement is met—general personal jurisdiction being the only one available when

*Milam*, 830 F.Supp. 316, 319 n. 3 (S.D.W. Va. 1993) (citing *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir.1987)). Accordingly, this Court will only pursue the second step in the personal jurisdiction analysis: whether the Fourteenth Amendment due process guarantee is satisfied. "To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not 'offend traditional notions of fair play and substantial justice.'" *Vass v. Volvo Trucks N. Am., Inc.*, 304 F.Supp.2d 851, 854 (S.D.W. Va. 2004) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Because the cause of action in this case is unrelated to Defendant's contacts with the forum—this case centers upon an injury that occurred in another state and Defendant's alleged contacts pertain to business it conducts in West Virginia—the Court will ask if it has general personal jurisdiction over this corporate defendant doing business in West Virginia. When a defendant has such "continuous and systematic" contacts with the forum state that the defendant is essentially "at home" there, courts of the forum will have general personal jurisdiction over the defendant for all claims, even those unrelated to the defendant's contacts with the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, __, 131 S. Ct. 2846, 2851 (2011).

Construing all facts in Plaintiffs' favor, the Complaint pleads with particularity the possibility that this Court has general personal jurisdiction over Defendants. According to the Complaint, FHI is a foreign corporation conducting business in West Virginia. Compl. 1–2, ECF No. 1–1. FHI designs, manufactures, markets, distributes, assembles, and tests products for use in West Virginia, including its product at issue in this case, a 2003 Subaru Legacy. Compl. 2. In their motion for jurisdictional discovery, Plaintiffs point out that FHI is a multinational corporation that

---

the cause of action is unrelated to the business conducted in the forum—then the long arm statute and due process requirements are both satisfied and the court has general personal jurisdiction over the defendant.

has three types of businesses: automobiles for Subaru, airplanes and helicopters for Boeing and Lockheed Martin, and other industrial products. Mot. for Jurisdictional Discov. 2, ECF No. 17. FHI knows that many of these products are sold to West Virginians. *Id.* Take for instance Subaru, a division of FHI: Subaru alone sells hundreds if not thousands of vehicles each year in West Virginia. *Id.* Consider also Polaris: FHI owns stock in Polaris and has provided it millions of engines for snowmobiles, all-terrain vehicles, watercraft, and other utility vehicles, many of which are sold in West Virginia. *Id.* There are many Subaru and Polaris dealerships in West Virginia, which sell FHI vehicles and products with FHI components. *Id.* Look also at Toyota: FHI is partly owned by Toyota, and FHI has made thousands of Toyota Camrys at its Indiana plant, knowing many of these would be sold in West Virginia. *Id.* at 2–3. Additionally, FHI tracks complaints and feedback from consumers, distributors, and dealers, many of whom are West Virginians. *Id.* at 3. For each state FHI records the number of its vehicles shipped there and revenue generated in that state. *Id.* Through FHI's automobile distributorship agreement, FHI derives substantial profit by selling vehicles in the State of West Virginia. *Id.*

Taking the above facts as true, the Complaint establishes the possibility of this Court's general personal jurisdiction over FHI. A reasonable person could conclude from these facts that FHI intends for this large volume of products to be sold in West Virginia because FHI knows with certainty its products are sold there when FHI sells these products to various distributors and retailers. Even if that conclusion on its own does not establish general personal jurisdiction over FHI, these facts make it possible that FHI, because of its size and volume of business, conducts *other* business in West Virginia so systematically and continuously that it could reasonably foresee being hauled into court there for any matter. *See Toys "R" Us, Inc.*, 318 F.3d at 456 (requiring for jurisdictional discovery only that plaintiff allege facts "suggesting with reasonably particularity

the possible existence" of personal jurisdiction). Because the plaintiff alleges facts suggesting with reasonable particularity the possible existence of general personal jurisdiction over FHI, the Court finds limited jurisdictional discovery is warranted in this case.[4]

### III.     Conclusion

For the foregoing reasons, the Court **ORDERS** jurisdictional discovery in this case limited to the issue of FHI and Subaru's contacts with West Virginia, which may require producing, in whole or in part, discoverable business plans, marketing strategies, sales data, and other commercial interactions between these corporations and the forum State. In conducting jurisdictional discovery, Plaintiffs shall have all the traditional discovery tools available under the Federal Rules of Civil Procedure. The deadline for completing jurisdictional discovery is on or before sixty days after the entry of this order.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     February 25, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[4] The Court has considered the declaration attached to FHI's motion to dismiss, but the declaration does not affect the Court's jurisdictional discovery analysis. Decl. of Yasuhiro Takemoto in Support of FHI's Mot. to Dismiss, ECF No. 10–1. Mr. Takemoto, a manager for FHI, states in his declaration that FHI does not conduct any business in West Virginia. *Id.* ¶¶ 1, 4. FHI has never "reached into West Virginia to solicit or initiate business," and it does not "sell or ship goods to West Virginia customers," *id.* ¶ 6, nor does it design, manufacture, advertise, or "have long-term business activities" in the State. Lastly, FHI does not have an office or any property or agent the State, nor is it registered to do business there. *Id.* ¶ 5. The Court finds these declarations are too broad and unspecific to be helpful in its analysis. In light of the alleged volume of business that FHI conducts, these boilerplate declarations do not persuade the Court that its general personal jurisdiction over FHI is altogether impossible. Unlike the Complaint's allegations coupled with explanations in Plaintiffs' motion for jurisdictional discovery, Mr. Takemoto's allegations are conclusory and wholly lacking particularity about the different types of business that FHI conducts. Therefore, the Court finds Mr. Takemoto's declarations unhelpful in its jurisdictional discovery analysis.